**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
DOC # 139647,**

      **Plaintiff,**

**vs.**                                        **Case No.  4:22cv069-MW-MAF**

**RICKY DIXON, SECRETARY OF
THE FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, proceeding pro se, initiated this case on February 16, 2021, by submitting a § 1983 civil rights complaint, ECF No. 1, an application to proceed without prepaying the filing fee, ECF No. 2, and a motion for a preliminary injunction, ECF No. 3.  A Report and Recommendation was previously entered on that motion, *see* ECF No. 10, but the Order adopting that Report and Recommendation, along with a Second Report and Recommendation, ECF No. 12, which recommending dismissing this case for failure to sufficiently allege imminent danger, has been vacated.  *See*

ECF Nos. 15, 20.  In light thereof, Plaintiff's motion for a preliminary injunction, ECF No. 3, is once again pending.

Plaintiff's motion for a preliminary injunction seeks an Order transferring him "into another prison system because Defendants will not process the required reports and written requests" necessary to place him in protective management.  ECF No. 3 at 1.  It appears that Plaintiff contends he is "protection management qualified," but he has not been placed in protective management and he contends an injunction is necessary to him to obtain protective management.  *Id.*

First, that is contrary to the allegations of Plaintiff's second amended complaint where Plaintiff alleged that he had been placed in protective management.  *See* ECF No. 14 at 14 and 17.  Additionally, Plaintiff claimed that even though another officer at Florida State Prison removed him from protective management and wrongfully reclassified him, *id.* at 19, Plaintiff alleged he would be returned to Wakulla's "protection management unit and be killed."  *Id.* at 16.

At any rate, Plaintiff alleges in his motion that he "will be transferred back to Wakulla's protection management unit when his close management punishment is completed."  ECF No. 3 at 2.  He is currently

housed in close management at Florida State Prison, but contends he

should not be there because he has not violated "any rules or rights of

others." *Id.* at 2.  Plaintiff requests that he be removed from close

management status and have his privileges restored in addition to entry of

an Order directing his transfer "to another state protection management

facility."  ECF No. 3.

Granting or denying a preliminary injunction is a decision within the

discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce

Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United

States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary

injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction
issues;

(3) the threatened injury to the movant outweighs whatever
harm the proposed injunction may cause the opposing party;
and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon

Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720

F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Plaintiff's second amended complaint has been found insufficient to proceed and in a separate Order entered this day, Plaintiff has been directed to submit a third amended complaint.  Thus, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief because an insufficient complaint does not demonstrate a substantial likelihood of success on the merits.

In addition, Plaintiff's motion does not demonstrate a substantial threat of irreparable injury unless an injunction is issued.  That is so because Plaintiff is currently housed at Florida State Prison and he is not located at the present time with any named Defendant.  If Plaintiff is entitled to injunctive relief, it should come in the usual course of litigation - that is, at the end of the litigation, not at the beginning prior to service of process.

Case No. 4:22cv069-MW-MAF

Moreover, Plaintiff seeks an injunction which requires the Department of Corrections to institute protective management procedures.  ECF No. 3 at 2.  Such a request is essentially at odds with Plaintiff's concern that he will be transferred back to Wakulla Correctional Institution and again be housed with Defendants from whom he contends that he faces imminent danger.  Plaintiff contends there are only two institutions which house protective management inmates, *see* ECF No. 14 at 14, and he was previously transferred away from the other prison (Columbia C.I.) because of a plan to murder him.  *Id.*  A request to be placed in a status which will require that he be housed with persons who Plaintiff alleged will harm him in the future is not a request which should be granted.

Additionally, judicial notice is taken that Plaintiff seeks $100,000,000. in compensatory damages from the Defendants.  ECF No. 14 at 26. Plaintiff also seeks punitive damages and $10,000 in nominal damages. *Id.*  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012).  Because Plaintiff has requested monetary damages as relief, he has demonstrated that he has an adequate remedy at law should he prevail.  The unavailability of an adequate remedy

at law is essentially a prerequisite to a finding of irreparable injury.

<u>Jefferson Cnty.</u>, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm"); *see also* <u>Oscar Ins. Co. of Fla. v. Blue Cross & Blue Shield of Fla., Inc.</u>, 360 F. Supp. 3d 1278, 1287 (M.D. Fla. 2019) (finding that "Oscar has failed to demonstrate that monetary damages cannot be calculated; that is, they fail to carry their burden of demonstrating irreparable injury").  Here, failing to issue an injunction will not constitute a "substantial threat of irreparable injury."  That is another reason Plaintiff's motion for a preliminary injunction, ECF No. 3, should be denied.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.