## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BRIAN M. CASEY,**
**D.O.C. # 139647,**

 **Plaintiff,**

**vs.**         **Case No.  4:22cv069-MW-MAF**

**RICKY DIXON, SECRETARY OF**
**THE FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

 **Defendants.**
_____/


### ORDER and THIRD REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a "motion to disqualify."  ECF No. 62.

Plaintiff contends that I should be disqualified "for pervasive biasness."  *Id.*

Plaintiff has not shown personal bias.  Instead, he has shown that he

disagrees with some of the Orders entered in this case.  Bias requiring

disqualification "must arise from an extrajudicial source, except in the rare

case 'where such pervasive bias and prejudice is shown by otherwise

judicial conduct as would constitute bias against a party.'"  Giles v.

Garwood, 853 F.2d 876, 878 (11th Cir. 1988) (quoting Davis v. Bd. of Sch.

Comm'rs, 517 F.2d 1044, 1051 (5th Cir.1975)). Unless a litigant can show

pervasive bias, "a judge's rulings in the same or a related case are not a sufficient basis for recusal." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Here, Plaintiff has not stated any facts which demonstrate bias beyond his disagreement with Court rulings. Thus, Plaintiff's motion is denied.

Plaintiff also filed a second motion for a preliminary injunction. ECF No. 63. Plaintiff seeks an "order prohibiting Defendants from placing him in open population where he will be attacked by security threat groups and officers." *Id.* He further seeks an order that will place him "in alternate prison system protection management." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest. Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Plaintiff's motion is conclusory only.  Plaintiff provides no facts that demonstrate any named Defendant is in a position to place him in open population.  He provides no facts which indicate that a change to his current housing status is imminent or anticipated.  Moreover, Plaintiff provides no facts which demonstrate that he faces irreparable injury in the absence of an injunction.

Furthermore, Plaintiff's request to be placed in an "alternative prison system protection management" is too vague to be granted.  Indeed, Plaintiff continues to allege in his recently submitted fourth amended

complaint that he is "a protection management inmate."  ECF No. 64 at 5.

Thus, it appears Plaintiff is currently receiving protection.

Additionally, Plaintiff is currently housed at the Florida State Prison

[FSP], *see* ECF No. 63 at 2, where he has been since initiating this case in

February 2022, and since filing his first motion for a preliminary injunction.

*See* ECF No. 3.[1]  All named Defendants are located at Wakulla

Correctional Institution; they are not located with Plaintiff.  The only prison

officials who are in a position to alter Plaintiff's housing status are officials

who are located at FSP, with Plaintiff, and those persons are unknown to

the Court.  In light thereof, ot would not be appropriate to grant Plaintiff's

requested injunction.

Moreover, Plaintiff's contention that he is merely seeking to compel

"ministerial duties" is inaccurate.  *See* ECF No. 63 at 1.  A determination of

a prisoner's proper housing location and status is a matter of discretion,

training, and experience.  This Court lacks authority to direct or control

Plaintiff's housing, and cannot require unnamed prison officials to take any

action.

---

[1] Plaintiff's prior motion for a preliminary injunction, ECF No. 3, was recommended to be denied in a second Report and Recommendation, ECF No. 29.  The recommendation was accepted.  ECF No. 42.

Finally, Plaintiff's fourth amended complaint seeks monetary damages.  ECF No. 64 at 7.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012). Because Plaintiff has requested monetary damages as relief, he has demonstrated that he has an adequate remedy at law should he prevail in this lawsuit.  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm").  For all these reasons, Plaintiff's second motion for a preliminary injunction should be denied.

Accordingly, it is **ORDERED** that Plaintiff's motion to disqualify, ECF No. 62, is **DENIED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second motion for a preliminary injunction, ECF No. 63, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2022.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**