IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BRIAN M. CASEY,**
**D.O.C. # 139647,**

    Plaintiff,

vs.                                    Case No. 4:22cv069-MW-MAF

**RICKY DIXON, SECRETARY OF**
**THE FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

    Defendants.
_____/

## ORDER and FOURTH REPORT AND RECOMMENDATION

After issuance of the Third Report and Recommendation, ECF No. 66, the pro se Plaintiff filed a notice of change of address, ECF No. 67, which reveals he has been returned to Wakulla Correctional Institution. Because of that change, the recommendation to deny Plaintiff's second motion for preliminary injunction, ECF No. 63, was rejected and this case remanded. ECF No. 68.

Plaintiff has now filed a "fourth motion for sanctions," ECF No. 69, a third motion for preliminary injunction, ECF No. 70, and a notice of inquiry, ECF No. 71. Plaintiff's inquiry seeks to know the status of his fourth

amended complaint. ECF No. 71. Review of that pleading had been delayed while other matters were considered. However, the fourth amended complaint [hereinafter "complaint"] has now been reviewed as is required by 28 U.S.C. § 1915A and is deemed sufficient to state a claim and properly alert Defendants to the nature and basis of Plaintiff's claims. Therefore, Plaintiff must provide the Clerk's Office with four copies of his complaint for service on the named Defendants. Plaintiff shall have until **September 30, 2022**, to do so.

Plaintiff's fourth motion for sanctions contends that Defendants Proctor and Weirick threatened him if he continued to litigate this case. ECF No. 69. He states that Defendants destroyed his fourth amended complaint and instructed staff and other inmates to harass and threaten him. *Id.* Plaintiff seeks sanctions against the Defendants and his "immediate transfer . . . out of the custody of the F.D.O.C." *Id.*

In light of the assertion that his complaint has been destroyed and is incomplete, the Clerk of Court shall provide Plaintiff with a copy of that pleading. Plaintiff must use that copy to prepare the four service copies which he must submit to the Clerk's Office. Plaintiff is reminded to keep a copy of his complaint for himself.

Case No. 4:22cv69-MW-MAF

As for his request to be transferred out of the Department's custody, that is relief that cannot be granted. By virtue of Plaintiff's conviction, he undoubtedly was sentenced to incarceration in the Florida Department of Corrections by a state court. This Court lacks authority to over-turn or otherwise alter a state court order. Moreover, requesting a transfer outside of the D.O.C. is relief that must be presented in a motion for preliminary injunction, not a motion for sanctions. Sanctions are permissible when a party has failed to participate in discovery or obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b). Further, granting such a broad request for relief would not comply with the "need-narrowness-intrusiveness" requirements of 18 U.S.C. § 3626(a)(1)(A). *See* Melendez v. Sec'y, Fla. Dep't of Corr., No. 21-13455, 2022 WL 1124753, at *7 (11th Cir. Apr. 15, 2022). At any rate, because Plaintiff has now filed his third motion for a preliminary injunction, ECF No. 70, which includes the allegations made in the motion for sanctions, ECF No. 69, the motion for sanctions is denied.

In the future, Plaintiff is advised that only one motion should be filed to address an issue. Filing multiple motions concerning the same problem or issue is not beneficial and slows progress in this case as well as others.

Case No. 4:22cv69-MW-MAF

In addition, because Plaintiff has filed a third motion for a preliminary injunction, ECF No. 70, it has replaced the second motion for a preliminary injunction, ECF No. 63. Thus, Plaintiff's second motion, ECF No. 63, is denied as moot and only the third motion will be considered.

The third motion, ECF No. 70, contends that Plaintiff is punished by placement in punitive segregation for filing complains. He alleges that Defendants Proctor and Weirick placed him in an "open population protective management" dormitory. *Id.* at 1. He states that Defendants have told him he cannot request protection, that he will be infected with HIV by inmates placed with him, and he contends inmates are threatening him to stop pursuing this case. *Id.* He complains that Defendants have orchestrated ways to prevent him from filing grievances. *Id.* at 1-2. He also states that his legal mail is opened outside his presence and mail sent to this Court is removed from the envelope. *Id.* at 2.

Further, Plaintiff alleges that Defendants are lacing his food in an effort to stop this litigation. *Id.* at 2, 3. He says they are also limiting his time in the law library and putting sedation drugs in his food to prevent this case from proceeding. *Id.* at 3. He contends this "case cannot proceed without an injunctive order from this Court." *Id.*

Plaintiff advises that placing him in "segregation confinement will not alleviate the problems." ECF No. 70 at 3. He further contends that transferring him "to another prison in the F.D.O.C. will not restore the status quo" either. *Id.* at 4. The basis for that assertion is Plaintiff's conclusory allegations of a conspiracy to assault him at Columbia C.I. *Id.* When he was placed in segregation, he contends officers still tampered with his food. *Id.*

Plaintiff seeks an order from this Court which will require "the F.D.O.C. to enforce the rules of conduct of its employees," prohibit interference in this litigation, retaliation, and immediately transfer him. *Id.* Plaintiff seeks an order from this Court which will require "the F.D.O.C. to provide the same law library access as open population inmates" who receive more time. *Id.* at 5. He also wants an "order instructing the F.D.O.C. or Defendants" to replace an affidavit he claims was removed from his legal mail. *Id.* at 2, 5.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United</u>

States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

>(1) a substantial likelihood of success on the merits;
>
>(2) a substantial threat of irreparable injury unless the injunction issues;
>
>(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
>(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

First, Plaintiff's motion makes numerous allegations of fact for which no statements are provided to explain how or why Plaintiff has knowledge of the assertion made.  For example, Plaintiff claimed the grievance "recepticle [sic] was purposely unbolted then filled with obstructing

materials preventing the grievances Plaintiff attempted to file from being reciepted [sic]." ECF No. 70 at 1. There are no facts alleged to show Defendants interfered with the grievance box and no explanation to show how Plaintiff was aware of the purposeful action alleged. Plaintiff also does not provide facts to link Defendants to the assertion that his legal mail is opened outside his presence or are removing documents. *See* ECF No. 70 at 2. Those instances are unsupported and do not demonstrate a substantial threat of irreparable injury.

To the degree Plaintiff also contends the Defendants are stalking him, lacing his food, and putting rodent feces, pesticides, and deer scent in his food, those allegations are more serious and *could* show at least a threat of irreparable injury. *See* ECF No. 70 at 2, 3. However, Plaintiff again asserts "facts" without any indication of how he would have personal knowledge of the Defendants' actions. Plaintiff does not report seeing the Defendants do the conduct alleged or having inmate orderlies report such conduct. Plaintiff does not present any specific factual basis to demonstrate knowledge of the outrageous conduct alleged.

Even so, Plaintiff's allegations of retaliation and orchestrating threats against Plaintiff are concerning. The Court cannot condone such behavior.

Case No. 4:22cv69-MW-MAF

However, the Court also cannot simply issue a general injunction which bars officials from violating the law or, stated in the reverse, compels officials to comply with the law. See SEC v. Smyth, 420 F.3d 1225, 1233, n.14 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable"); Burton v. City of Belle Glade, 178 F.3d 1175, 1200 (11th Cir. 1999) (holding that an injunction which "would do no more than instruct the City to 'obey the law,'" was invalid); Payne v. Travenol Lab., Inc., 565 F.2d 895, 898 (11th Cir. 1978) ("'[O]bey the law' injunctions cannot be sustained"). "An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." S.E.C., 420 F.3d at 1233, n.14. Plaintiff's requested injunctive relief would not be enforceable or permissible. Melendez, 2022 WL 1124753, at *7.

Another problem with Plaintiff's motion is that he requests multiple Court orders directing the "F.D.O.C." to take certain actions. However, because the Department of Corrections is not a Defendant in this case, such an Order is not permissible.

Plaintiff complains of various "threats" and harassment, but he provides no facts which demonstrate that Plaintiff faces irreparable injury in

the absence of an injunction.  To satisfy the "irreparable injury" requirement, "Plaintiff must both identify an irreparable injury that he will suffer if the injunction does not issue and show that the threat of injury is 'neither remote nor speculative, but actual and imminent.'"  McKissick v. Deal, No. 5:14-CV-0072-MTT-CHW, 2014 WL 1690438, at *2 (M.D. Ga. Apr. 4, 2014), report and recommendation adopted, No. 5:14-CV-72 MTT, 2014 WL 1690436 (M.D. Ga. Apr. 29, 2014) (quoting Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989))).  By and large, the injunctive relief identified by Plaintiff is designed to protect this litigation from interference and protect his legal property from searches, but not to specifically protect Plaintiff.  Plaintiff does allege a conspiracy to harass him, and he contends some inmates have done so "with improvised weapons."  ECF No. 70 at 1.  Yet Plaintiff has not shown that he faces irreparable injury that is more than speculative.

Finally, Plaintiff's fourth amended complaint seeks monetary damages.  ECF No. 64 at 7.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v.

Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012). Because Plaintiff has requested monetary damages as relief, he has demonstrated that he has an adequate remedy at law should he prevail in this lawsuit. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm"). For all these reasons, Plaintiff's third motion for a preliminary injunction should be denied.

Accordingly, it is **ORDERED:**

1. Plaintiff's notice of inquiry, ECF No. 71, is **GRANTED**.

2. Plaintiff has until **September 30, 2022**, to provide the Clerk's Office with four (4) service copies of his fourth amended complaint, ECF No. 64.[1]

3. Plaintiff's fourth motion for sanctions, ECF No. 69, is **DENIED as moot** in light of the third motion for a preliminary injunction, ECF No. 70.

---

[1] The service copies must be identical to the complaint, ECF No. 64, as filed with the Court.

Case No. 4:22cv69-MW-MAF

4. Plaintiff's second motion for a preliminary injunction, ECF No. 63, is **DENIED as moot** in light of the third such motion, ECF No. 70.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third motion for a preliminary injunction, ECF No. 70, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**