IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,
D.O.C. # 139647,

    Plaintiff,

vs.                                                Case No. 4:22cv69-MW-MAF

COLONEL PROCTOR,
ASSISTANT WARDEN DICKS,
MAJOR J. WEIRICK,
and OFFICER A. PRIDGEON,

    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a motion to accept his objection to a prior Order as timely filed. ECF No. 151. Plaintiff challenges the Order entered on May 4, 2023. ECF No. 148. Rule 72 permits a party to "serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Plaintiff says the Order was entered on May 4, 2023, but he did not receive it until May 12, 2023. ECF No. 151. His objections, ECF No. 150, were received with his motion, ECF No. 151, by prison officials to mail for him on May 17, 2023. Thus, the objections are

deemed as timely filed and will be referred to the presiding District Judge for review.

Plaintiff also filed yet another motion to amend his complaint. ECF No. 149. He provided a copy of his Eighth Amendment Complaint, ECF No. 152, with the motion. This is not the first time Plaintiff has filed a motion seeking to amend. It should, however, be the last.

In February, this Court considered Plaintiff's request to file a sixth amended complaint. In recommending the motion be denied, it was noted that this case had been pending since February 2022. ECF No. 137 (citing to ECF No. 1). Notably, the case was initiated on Plaintiff's claim that he was facing imminent danger. However, despite that assertion, Plaintiff has not been pressing forward for relief. Instead, he has engaged in litigation tactics which delay this case.[1]

---

[1] It has previously been noted that Plaintiff had "filed repetitive motions which have hindered this case instead of helping." ECF No. 78 at 4.

> For example, Judge Walker vacated an earlier Order, ECF No. 15, and judgment, ECF No. 16, on April 21, 2022. ECF No. 20. That Order denied Plaintiff's motion for relief under Rule 60, ECF No. 18, and motion to appeal in forma pauperis, ECF No. 19. ECF No. 20. Judge Walker also entered an Order on June 3, 2022, allowing Plaintiff to proceed with in forma pauperis status under the imminent danger exception to 28 U.S.C. § 1915(g). ECF No. 27. However, Plaintiff continued to file motions to alter or amend judgment, ECF Nos. 21, 23, 35, and 48, two more motions for relief under Rule 60, ECF Nos. 34 and 45, additional motions to appeal in

In April 2022, Plaintiff filed a first amended complaint, ECF No. 11, and a second amended complaint a week later, ECF No. 14. He filed a third amended complaint, ECF No. 37, in June 2022, and a fourth amended complaint, in July 2022. ECF No. 64. While awaiting Plaintiff's submission of service copies of the fourth amended complaint, Plaintiff once again sought to proceed with a fifth amended complaint, ECF No. 87.

Plaintiff's proposed sixth amended complaint sought to add more defendants which Plaintiff had previously dismissed from this case. The recommendation entered was to require Plaintiff to stand on his fifth amended complaint so this case could reach a conclusion. ECF No. 137. That recommendation was accepted and adopted. ECF No. 142. Even after that motion was denied just a few months ago, Plaintiff improperly submitted a proposed seventh amended complaint. ECF No. 143. No further action was taken on that submission because Plaintiff had <u>not</u> been

---

forma pauperis, ECF Nos. 24 and 36, and a motion to "reconsider, alter or amend judgment," ECF No. 53. Plaintiff also filed a "motion for sanctions" pursuant to "Rule 60," ECF No. 52, and then continued to file additional motions and documents concerning sanctions. ECF Nos. 57, 61, 69, and 76.

The Order noted that Plaintiffs' filings were "not moving this case forward." ECF No. 78 at 5-6.

granted leave to submit an amended complaint and he did not file a motion requesting leave to amend.  ECF No. 145 at 2.

Even though Plaintiff has been specifically precluded from amending his complaint, *see* ECF Nos. 137 and 142, Plaintiff has once again sought to amend.  He now seeks to add claims against two additional Defendants - Archey and Freeman.  ECF No. 152 at 14.  However, Plaintiff previously included Defendant Archey in this case, *see* ECF No. 11, when he was listed in Plaintiff's first amended complaint filed over a year ago in April 2022.  Defendant Archey was also included in the second amended complaint, ECF No. 14, and third amended complaint, ECF No. 37, but then dismissed in the fourth amended complaint, ECF No. 64, and the fifth amended complaint, ECF No. 87.

This is not a situation in which Plaintiff was unaware of a Defendant's identity and has belatedly discovered facts which provide a reasonable basis to add a Defendant into a case that has been pending for 15 months.  Plaintiff cannot continue to change his mind, adding and deleting Defendants at well and creating a constantly moving target.  Plaintiff appears to be litigating this case in bad faith, unnecessarily causing delay

and needlessly increasing the costs of this litigation in violation of Rule 11(b)(1). His most recent motion is not reasonable.

It is past time to file an amended complaint in this case. Plaintiff's prior motion was denied and this motion should also be denied. Plaintiff should be required to proceed with the fifth amended complaint, ECF No. 87, filed on October 17, 2022. His continued requests to amend are an abuse of the judicial process and are preventing this Court from adjudicating the pending motions to dismiss, ECF Nos. 127 and 132, and motion to revoke in forma pauperis status, ECF No. 111. Plaintiff's actions also defer this Court's attention from processing other cases in which the litigants are eager for resolution. Plaintiff's litigation practices do not equate with a prisoner who is genuinely seeking to prevent "imminent danger" because he is not moving this case forward.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to accept his objections as timely filed, ECF No. 151, is **GRANTED**.

2. The Clerk of Court shall **REFER** Plaintiff's objections, ECF No. 150, to the presiding District Judge after the deadline has passed for Defendants to respond to Plaintiff's objections.

3. Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file an Eighth Amended Complaint, ECF No. 149, be **DENIED** as an abuse of the judicial process, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within**

**fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**