**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
D.O.C. # 139647,**

    **Plaintiff,**

**vs.**                                                                 **Case No.  4:22cv69-MW-MAF**

**COLONEL PROCTOR,
ASSISTANT WARDEN DICKS,
MAJOR J. WEIRICK,
and OFFICER A. PRIDGEON,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Pending in this case is a motion to revoke Plaintiff's in forma pauperis status.  ECF No. 111.  The pro se Plaintiff was directed to respond to the motion, ECF No. 117, and he has done so.  ECF No. 122.  The motion is ready for a ruling.

**Procedural Background**

Plaintiff Brian Casey is an inmate in the custody of the Florida Department of Corrections.  He initiated this case on February 16, 2022, by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, a

motion for in forma pauperis status, ECF No. 2, and a motion for a preliminary injunction, ECF No. 3. Plaintiff's in forma pauperis motion was reviewed and deemed insufficient because it was not properly supported. ECF No. 5. Plaintiff submitted an amended in forma pauperis motion on March 4, 2022. ECF No. 6.

Because Plaintiff acknowledged within his complaint that he had three "strikes" under 28 U.S.C. § 1915(g), *see* ECF No. 1 at 9, the complaint was reviewed to determine whether Plaintiff should be granted in forma pauperis status. *See* ECF Nos. 8-9. After review, it was concluded that the "complaint presented a plausible claim for imminent danger," so the in forma pauperis motion was granted, but Plaintiff was required to file an amended complaint. ECF No. 9.

Ultimately, Plaintiff amended his complaint numerous times before a serviceable complaint was filed. Plaintiff's fifth amended complaint, ECF No. 87, was the one eventually served on the Defendants. *See* ECF Nos. 93-95, 128. Defendants Weirick, Proctor, and Pridgeon filed the motion to revoke in forma pauperis status, ECF No. 111, on January 9, 2023. Defendants argue that Plaintiff was not in imminent danger at the time he filed this case. *Id.* at 5. They also contend that the fifth amended

complaint presented "entirely new allegations of imminent danger" than Plaintiff asserted in his initial complaint. *Id.* at 9.  As an additional argument Defendants assert that Plaintiff "is indisputably a vexatious litigant" who has frequently asserted "imminent danger" claims based on an alleged conspiracy.  *Id.* at 10-13.  They suggest that Plaintiff will continue "attempting to outmaneuver the imminent danger exception" by presenting vague conspiracy allegations.  *Id.* at 12-13.  Finally, Defendants claim that even if Plaintiff presented a cognizable claim of imminent danger at the time this case was filed, it was "no longer valid at the time" the motion to revoke in forma pauperis status was filed in January 2023 because, at that time, Plaintiff had been transferred to Dade Correctional Institution.  ECF No. 111 at 14-15.  That final argument should be rejected at the outset.  A prisoner cannot control where he is housed and has no control over prison transfers.  Thus, prison officials cannot properly seek dismissal of this case based on Plaintiff's subsequent transfers.  The relevant issue is whether Plaintiff was eligible to proceed in forma pauperis because he was "in imminent danger at the time of filing." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

In response to Defendants' motion, Plaintiff argues that his fifth amended complaint describes conditions which meet "the imminent danger standard." ECF No. 122 at 1-2. He points out that "Defendants' motion does not speak to the operative complaint which is the fifth amended complaint." *Id.* at 2. Plaintiff presents no argument concerning whether he was in imminent danger at the time of case initiation in February 2022.

**The Initial Complaint**, **ECF No. 1**

At the time of case initiation in February 2022, Plaintiff was housed at the Florida State Prison ["FSP"]; he arrived there on July 9, 2021. ECF No. 1 at 2, 17, and 19. Plaintiff alleged that when he was incarcerated at Wakulla Correctional Institution in September of 2018, Officer Archey (not a named Defendant) had another inmate attack him. ECF No. 1 at 5. Plaintiff said Archey told the inmate "that Plaintiff was a 'rapist'" who needed to be injured so he could not protect himself from a subsequent gang attack "that was scheduled." ECF No. 1 at 5. Plaintiff said he was attacked by the inmate, injured, and then transferred to another prison. *Id.* He contends he was unaware that the attack was set up by Archey until he was transferred back to Wakulla in February of 2021. *Id.*

Apparently after learning of the set up, Plaintiff submitted a request for protection from Officer Archey on February 23, 2021. *Id.* at 5. An "ICT hearing was held on March 5, 2022,[1] and [Defendant] Proctor told Plaintiff he was full of demons and an inmate cannot request protection from staff." *Id.* Plaintiff's request for protection was denied. *Id.*

Plaintiff alleged that Defendants Pridgeon and Dicks retaliated against him because he filed complaints against Archey, and put Plaintiff in close management with the approval of Defendant Weirick. *Id.* at 6. He contends they told him "he was being punished for his requests for protection from staff which he could not do." *Id.*

In June of 2021, "Defendant Dicks indirectly told" another inmate "that Plaintiff was a sexual predator and needed to be murdered." *Id.* at 14. Plaintiff contends that the inmate (also a "protection management classified inmate") told Plaintiff he was being paid to fight Plaintiff and said that "he had to accept $100 of the $300 he was being paid to 'fight' or 'it would happen anyways.'" *Id.* Plaintiff claims the inmate was lying to him and was seeking to "set up a 'fight' scene" to "harm or murder Plaintiff so he [could]

---

[1] Presumably Plaintiff meant March 5, 2021.

Case No. 4:22cv69-MW-MAF

reenter open population as a member in good standing with" his former gang. *Id.*

Plaintiff further alleged that he was scheduled to be returned to Wakulla Correctional Institution "because he has a classification of protection management." *Id.* He claimed that once there, "he will be attacked by inmates." *Id.* at 14-15. He also claimed there was "a longstanding and widespread conspiracy to harm Plaintiff at each institution" where he has been housed. *Id.* at 14.

Because Plaintiff's initial complaint was insufficient to state a claim against each person named as a Defendant, Plaintiff was directed to file an amended complaint. ECF No. 9. In addition, because Plaintiff was then housed at FSP but alleged he would be returned to Wakulla C.I., he was required to "explain how and why he" believed that he would be returned to Wakulla C.I. and to indicate when he thought the transfer would occur. *Id.* That requirement was put in place because inmates are not generally informed in advance of transfers for security reasons.

**Amended Complaints**

On April 6, 2022, Plaintiff filed his first amended complaint. ECF No. 11. He was still incarcerated at FSP. *Id.* at 2. The amended complaint re-

alleged that Archey had Plaintiff attacked in 2018, and then Plaintiff was transferred to Columbia C.I. *Id.* at 14. When Plaintiff was in danger at Columbia, he was returned to Wakulla C.I. on February 23, 2021. *Id.* at 14-15. He once again said that after he filed a request for protection from Archey, he was placed in administrative confinement. *Id.* at 15. Defendant Pridgeon told Plaintiff he "was going to be placed in a cell at Florida State Prison to" stop Plaintiff from filing criminal appeals. *Id.* He alleged that he was denied protection after the institutional hearing, but "on May 29, 2021[,] state classification approved protection management." *Id.* at 15-16. Even so, Plaintiff alleged that unspecified Defendants[2] told him "he would be sent to a close management cell at Florida State Prison and starved of food causing muscle loss" and then be returned "to Wakulla C.I. protection management unit and be killed." *Id.* at 16.

Plaintiff also re-alleged that inmate Smith was given money to fight him in June of 2021. *Id.* at 16-17. He re-alleged that the ICT denied him protection and refused to process his grievances. *Id.* at 17-18. He made clear that he had been transferred to FSP on July 9, 2021, nearly nine

---

[2] Plaintiff increased the number of Defendants in the first amended complaint. He listed: Ricky Dixon, T. Dicks, A. Pridgeon, Proctor, Weirick, and Archey. ECF No. 11 at 1.

months prior to the filing of his amended complaint, *id.* at 18, and seven months prior to case initiation.

After review of the amended complaint, the undersigned entered a Report and Recommendation on April 8, 2022, ECF No. 12, recommending the amended complaint be dismissed for failure to demonstrate imminent danger. In particular, the fact that Plaintiff was not housed with any named Defendant because he was located at FSP weighed heavily in concluding that Plaintiff had not shown imminent danger. *Id.* at 6. Plaintiff had not explained how or why he expected to be returned to Wakulla C.I. as directed. ECF No. 12 at 6-7. Thus, it was concluded that Plaintiff's claims were based on past events at Wakulla C.I. and were insufficient to show imminent danger. *Id.* at 7.

That recommendation was accepted, and this case dismissed on April 13, 2022, for "failure to demonstrate imminent danger as required by 28 U.S.C. § 1915(g)." ECF No. 15. However, an earlier Report and Recommendation had been entered in March 2022, ECF No. 10, recommending the denial of Plaintiff's motion for a preliminary injunction, ECF No. 3. Plaintiff had filed an objection, ECF No. 13, to that Report and Recommendation, ECF No. 10, which was mistakenly deemed to be his

objection to the second Report and Recommendation. ECF No. 20. The Order dismissing this case was vacated. *Id.*

Ultimately, Chief United States District Judge Mark E. Walker rejected the recommendation to dismiss this case. ECF No. 27. Judge Walker found that Plaintiff's allegation that he was "threatened with a transfer to Florida State Prison, where he would allegedly be placed in a close management cell, starved, and then transferred back to Wakulla C.I." was sufficient to satisfy the imminent danger exception under 28 U.S.C. § 1915(g). *Id.* at 1-2. Although it was "an extremely close call," the fact that Plaintiff had indeed been transferred to Florida State Prison following that alleged threat weighed in Plaintiff's favor. *Id.* at 2. The case was remanded and Plaintiff was required to file a third amended complaint. ECF No. 28.

Plaintiff filed his third amended complaint on June 17, 2022. ECF No. 37. He was still located at FSP. *Id.* at 2. That pleading was deemed insufficient and Plaintiff given leave to amend. ECF No. 43. He filed a fourth amended complaint on July 22, 2022, ECF No. 64, still located at FSP. A few days later, Plaintiff filed a notice of change of address, ECF

No. 67, showing that he had been transferred back to Wakulla Correctional Institution.

Plaintiff was permitted to proceed with the fourth amended complaint, *see* ECF No. 72, but instead, he filed a motion to amend, ECF No. 83, and submitted a proposed fifth amended complaint. ECF No. 87. That remains the operative pleading, despite Plaintiff's subsequent attempts to file a supplemental complaint, *see* ECF Nos. 103 and 106, a sixth amended complaint, *see* ECF Nos. 133-134, 137, and 142, a seventh amended complaint, *see* ECF Nos. 143 and 145, and an eighth amended complaint, *see* ECF Nos. 152, 154, and 156. Because Plaintiff has repeatedly sought to amend his complaint and has delayed this case by filing repetitious motions,[3] it is not logical to assume that expeditious relief is Plaintiff's goal. If this truly were a case which involved fear of imminent danger, one would expect a plaintiff to be pressing forward with his claims. Plaintiff has not done so. He is engaged in the hobby of handwriting motions rather than working with headstrong determination as one would expect for help and

---

[3] For example, Plaintiff filed five motions for a preliminary injunction, *see* ECF Nos. 3, 63, 70, 81, and 116, all were denied. ECF Nos. 29, 42, 66, 72-73, 77, 137, 142. Plaintiff also filed numerous motions to alter or amend judgment, ECF Nos. 21, 23, 35, 48, 53, 80, which are frivolous because judgment has not been entered.

protection. It is not believable that Plaintiff's life was in danger from specific, identifiable prison officials, yet Plaintiff engaged in delay tactics by continuously seeking to amend the pleadings which necessarily delays relief and protection, if such were necessary and appropriate.

In one of those efforts to amend, Plaintiff submitted a proposed seventh amended complaint, ECF No. 143, in March 2023. That pleading, filed 13 months after case initiation, no longer included any Defendant named in the operative, fifth amended complaint. Instead, Plaintiff named as Defendants Secretary Ricky Dixon, the assistant warden, the warden, and state classification officer Gould. ECF No. 143. Plaintiff again complained of past incidents between 2018 - 2021, and asserted that Defendants were withholding their assaults until they received a favorable decision in this case. ECF No. 143 at 16.

An Order was entered informing Plaintiff that if he did not want to pursue his claims against the Defendants, he must file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). ECF No. 145 at 3. Plaintiff was directed to explain why he had omitted those persons from his proposed seventh amended complaint. *Id.*

In response, Plaintiff argued that he "did not author" the request to file the seventh amended complaint. ECF No. 146 at 1. He claimed prison officials forged the documents. *Id.* Because Plaintiff's handwriting is so familiar to the undersigned by virtue of the multitude of filings reviewed in this case, as well as other cases Plaintiff has filed - *see* case 4:21cv463-WS-MAF, case 4:21cv496-MW-MAF, case 4:22cv09-MW-MAF, case 4:22cv270-AW-MAF, case 4:23cv58, case 4:23cv76 - that argument is rejected as not credible.

At any rate, Plaintiff was transferred from FSP back to Wakulla Correctional Institution, and then transferred to Dade Correctional Institution in December 2022. ECF No. 111, Ex. G. He was returned to Wakulla in January 2023. ECF No. 126. Yet after his return, he has not informed this Court that while at FSP he was starved. He has not advised that after his transfer back to Wakulla C.I. he has been threatened, attacked, or otherwise subjected to imminent danger of serious physical injury. Plaintiff's fifth amended complaint essentially alleged that on July 7, 2022, the inmate classification team (ICT) recommended that Plaintiff be released to open population. ECF No. 87 at 6. He does not allege that any Defendant was involved in that decision, or that the decision was made for

the purpose of putting Plaintiff in a position to be harmed. Indeed, Plaintiff had not yet been returned to Wakulla C.I. until July 20, 2022. *See* ECF No. 111-7 at 12.

In the course of reviewing this case, it has become apparent that Plaintiff has made conclusory assertions of imminent danger throughout this litigation. He has not articulated facts to show that during the past 18 months - since February of 2022 when this case was filed - Plaintiff has been in danger of harm from the Defendants. Indeed, for the first 13 months of this litigation, Plaintiff was not even housed at Wakulla C.I. with the named Defendants. For that reason alone, it is impossible for Plaintiff to have faced imminent danger from the named Defendant at the time of case initiation. Any harm was speculative at best.

Moreover, throughout Plaintiff's multitude of efforts to amend his complaints, including the proposed eighth amended complaint filed in May 2023, ECF No. 152, Plaintiff has continued to complain about past incidents which occurred primarily between 2018 and 2021. Those events do not reveal current or imminent danger. Plaintiff has not alleged any recent events, threats, or the like which demonstrate imminent danger.

Notably, Plaintiff alleged in the proposed eighth amended complaint that after he was "transferred back to Wakulla Correctional Institution on July 19, 2022," he was "placed in imminent danger because officer Archey paid" another inmate to attack Plaintiff. ECF No. 152 at 19. Plaintiff said Defendant Archey threatened him "almost daily with another attack." *Id.*

Contrary to that allegation, Defendants have submitted the declaration of Kaitlyn McCown who states that the employment records of Defendant Archey reveal that he was employed as a correctional officer between August 25, 2017, and July 25, 2021. ECF No. 111-8 at 1. During those four years of employment with the Department of Corrections, Defendant Archey was assigned to Wakulla Correctional Institution. *Id.* Plaintiff did not address that assertion in his response to Defendants' motion. It is, therefore, concluded that because Defendant Archey was not employed by the Department of Corrections in 2022, it would be impossible for Defendant Archey to have threatened Plaintiff in July of 2022. It would also be impossible for Plaintiff to have been in imminent danger from him at the time this case was initiated in February of 2022. Plaintiff's allegation of harm, at least from that Defendant, is false.

Under federal law, a litigant who is unable to pay court fees may proceed in forma pauperis. 28 U.S.C. § 1915(g). The statute includes an important limitation: a prisoner with "three strikes" can proceed in forma pauperis only if the prisoner is in imminent danger of serious physical injury. The relevant subsection provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added). To be entitled to in forma pauperis status, Plaintiff must have shown that he faced "imminent danger of serious physical" harm at the time he filed his initial complaint because recounting past injuries is insufficient. Medberry, 185 F.3d at 1192-93. If a Plaintiff does not show he was facing "imminent danger of serious physical injury at the time" a complaint is filed, in forma pauperis status is properly denied. 185 F.3d at 1193.

On the other hand, if "a prisoner alleges imminent danger but the court later determines that the allegation was false when made—that the

prisoner was not in imminent danger when the case was filed—the proper remedy is to revoke in forma pauperis status and dismiss the case without prejudice." Owens v. Townsend, No. 4:18cv422-RH-MAF, 2020 WL 5628934, at *1–2 (N.D. Fla. Sept. 21, 2020) (noting that if an "allegation of imminent danger was concocted," in forma pauperis status could "be revoked retroactively") (citing McLeod v. Jones, No. 4:15-cv-188-RH-GRJ, 2016 WL 47875 (N.D. Fla. Jan. 4, 2016), *aff'd sub nom.* McLeod v. Sec'y, Fla. Dep't of Corr., 778 F. App'x 663 (11th Cir. 2019)). That is the remedy that should be employed here. Plaintiff Brian Casey falsely alleged that he was threatened by Defendant Archey in 2022 and he has not demonstrated current, plausible threats from any other named Defendant in this case. It is apparent that Plaintiff has created false allegations for the purpose of engaging in litigation as a hobby and gaining access to this Court without paying the required filing fee. *See* Harris v. Garner, 216 F.3d 970, 991 (11th Cir. 2000) (noting that when Congress enacted the Prison Litigation Reform Act, the principal architects of the legislation stated that prisoner litigation had "become a recreational activity for long-term residents of our prisons"); *see also* Hicks v. Brysch, 989 F. Supp. 797, 822 (W.D. Tex. 1997) (finding that "[p]ro se civil rights litigation has become a recreational

Case No. 4:22cv69-MW-MAF

activity for state prisoners in this Circuit and prisoners have abused the judicial system in a manner that non-prisoners have not"). Plaintiff's litigation history sufficiently demonstrates that he has done so in the past, and he continued those efforts in this case.[4]

Because Plaintiff was not in imminent danger at the time he filed this case, Defendants' motion to vacate Plaintiff's in forma pauperis status, ECF No. 111, should be granted, and the Order granting Plaintiff in forma pauperis status, ECF No. 8, should be vacated. The result of doing so is that this case should be dismissed and the pending motions to dismiss filed by Defendants Pridgeon, Proctor, and Weirick, ECF No. 127, and Defendant Dicks, ECF No. 132, should be denied as moot. Dismissal should be without prejudice to Plaintiff's ability to refile his case upon payment of the Court's $402.00 filing fee.

---

[4] Judicial notice is taken that Plaintiff has filed approximately 93 federal cases in the Northern, Southern, and Middle District Courts of Florida. Plaintiff also filed 56 appeals in the Eleventh Circuit Court of Appeals. In a 10-year time span, Plaintiff filed 19 cases in 2012, 12 cases in 2013, 7 cases in 2014, 3 cases in 2015, but then 38 cases in 2017, 8 cases in 2018, 16 cases in 2019, 3 cases in 2020, 3 cases in 2021, and 15 cases in 2022 between Florida's district courts and the Eleventh Circuit Court of Appeals. Plaintiff has already filed two cases in this Court in 2023, both of which have already been dismissed. Case 4:23cv58-WS-MAF was dismissed on March 24 2023, pursuant to 28 U.S.C. § 1915(g), and Plaintiff voluntarily dismissed case 4:23cv76-WS-MAF.

Case No. 4:22cv69-MW-MAF

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendants' motion to vacate the Order granting Plaintiff in forma pauperis status, ECF No. 111, be **GRANTED**; that the Order granting Plaintiff in forma pauperis status, ECF No. 8, be **VACATED**; and all pending motions to dismiss, ECF Nos. 127 and 132, be **DENIED as moot**; and this case be **DISMISSED** because Plaintiff falsely claimed imminent danger to avoid the bar of 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

Case No. 4:22cv69-MW-MAF

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**