IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BRIAN CASEY,**

    *Plaintiff*,

v.                                      Case No.: 4:22cv69-MW/MAF

**RICKY DIXON, et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 157, and has also reviewed *de novo* Plaintiff's objections, ECF No. 158.

The Magistrate Judge recommends that this Court vacate its prior Order granting Plaintiff *in forma pauperis* status and dismiss this case based on Plaintiff's false claim of imminent danger. This Court agrees. Because Plaintiff had accumulated at least three dismissals which count as "strikes" under 28 U.S.C. § 1915(g), he could not proceed in this case with *in forma pauperis* status unless he met the "imminent danger" exception of § 1915(g). *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020). Allegations of "past harm" are "insufficient to meet the imminent-danger requirement." *Medberry v. Butler*, 185 F.3d 1189, 1193

(11th Cir. 1999) (cited in *Daker*, 802 F. App'x at 515). A prisoner must allege plausible facts that are not merely speculative or "too attenuated" from the basis for the complaint. 802 F. App'x at 515 (citing to *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.")). A prisoner must show that "at the time he filed his complaint," he was "in imminent danger." *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-771 (11th Cir. 2018).

Plaintiff was not in imminent danger at the time he filed his complaint because he was not physically located with the Defendants. His allegation of future harm was speculative—based on a future transfer—because a prisoner does not know when the Department of Corrections will transfer him. The fact that Plaintiff was returned to Wakulla Correctional Institution thirteen months later does not make his claims "imminent."

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 157, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Defendant's motion to vacate this Court's Order granting Plaintiff *in forma pauperis* statues, ECF

2

No. 111, is **GRANTED**. The Clerk shall **VACATE** this Court's prior Order, ECF No. 8. All pending motions to dismiss, ECF Nos. 127 and 132, are **DENIED** as moot. This case is **DISMISSED without prejudice** because Plaintiff has three strikes, he has not paid the filing fee, and his *in forma pauperis* status has been revoked for falsely claiming imminent danger to avoid the bar of 28 U.S.C. § 1915(g). The Clerk shall enter judgment stating, "Plaintiff's claims are **DISMISSED without prejudice** for failing to pay the filing fee." The Clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g) and close the file.

    **SO ORDERED on September 7, 2023.**

                                       **Chief United States District Judge**
                                       **s/Mark E. Walker**